IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

SUPPLIES & SERVICES INC

CASE NO. 10-07157 BKT

CHAPTER 11

Debtor(s)

SUPPLIES & SERVICES INC

ADVERSARY NO. 10-00162

Plaintiff

NACCO INDUSTRIES, INC.; NACCO MATERIALS HANDLING GROUP, INC.; YALE MATERIALS HANDLING CORP.

FILED & ENTERED ON 12/10/2010

Defendant(s)

**OPINION AND ORDER**

Before the court are the summary judgment motions filed by the Plaintiff, the Defendant and Banco Popular de Puerto Rico ("BPPR") as an allowed interventor [Dkts. No. 18, 19 and 21]. Having reviewed the motions filed and for the reasons set forth below, Plaintiff's and BPPR's motions for summary judgment are granted. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

**BACKGROUND**

Debtor Supplies and Services, Inc ("Plaintiffs") filed for relief under the provisions of Chapter 11 of the Bankruptcy Code. Shortly after the filing of the petition, creditor NAACO ("Defendants") claimed security interests on Debtor's assets by virtue of security agreements

1

executed in 2002 and 2007. After several procedural actions related to the secured status of the Defendants in main bankruptcy proceeding 10-7157, Debtors/Plaintiffs filed the captioned adversary proceeding to determine the extent of Defendant's liens. At a hearing held on November 17, 2010, the parties agreed that the controversy is matter of law and were granted until December 7, 2010 to file dispositive motions in the form of summary judgment [Dkt. No. 13]. BPPR as a party in interest was also allowed to intervene and file the dispositive motion. The parties complied and the matter is submitted.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See,* Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. *See also,* Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986). In viewing the facts, the Court must draw all reasonable inferences from them, in the manner most favorable to the nonmovant. Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994); Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994). "The summary judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10 Wright and Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). "Rule 56 provides the means by which a party may pierce the allegations in the pleading and obtain relief by introducing outside evidence showing that there are no fact issues that need to be

tried." *Id.* Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried and it is improper if the existence of a material fact is uncertain. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). A fact is considered material if it might affect the outcome of a case under the governing law. Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995).  Therefore, a factual issue is material only if it is relevant to the resolution of a controlling legal issue raised by the motion for summary judgment. U.S. Fire Ins. Co. v. Productions Padosa, Inc., 835 F.2d 950, 953 (1st Cir. 1987).

**ANALYSIS:**

By agreement of the parties, the issue at hand is appropriate for summary judgment disposition as there are no material facts in dispute. The relevant undisputed facts are as follows:

1. On September 4, 1969, the parties entered into a Distribution Agreement of Yale's line of product. The agreement was executed through defendant's predecessor entity.

2. On November 6, 2002, the parties executed an agreement entitled "Dealer Financing Floor Plan Agreement ("the 2002 agreement").

3. In section 7 of the agreement, the parties agreed that the governing law in the interpretation or meaning of the agreement "shall be governed by the substantive law of North Carolina but not its choice of law rules". The clause reiterates the application of the North Carolina UCC law. [Section 7.01, Exh. 2, Dkt. No 21].

3

4. The parties concluded a security agreement and filed the same with the Puerto Rico Department of State on January 28, 2003 [Exh. 4, Dkt. No. 21]

5. The security agreement stipulates that "the validity, construction and enforcement of this Agreement are determined and governed by the laws of the State of North Carolina".

The Plaintiffs argue and BPPR agrees that North Carolina UCC Law controls the terms of the executed security agreement and because said law requires that in order for a security agreement to be valid for more than five years, the creditor had to file a continuation statement. That defendant failed to file the continuation statement and hence their security interest is no longer valid and expired prior to the filing of the bankruptcy petition.

Defendants argue that the perfection of the security agreement is governed by the laws of Puerto Rico and therefore, the Puerto Rico UCC law is applicable. We disagree, Defendants filed its security agreement in January 2003. Under North Carolina law this filed finance statement was valid for five years. According to N.C. Gen. Stat. § 25-9-515(d), Defendants had to file a continuation statement to preserve their security status. Defendant's failed to comply.

Having reviewed the motions filed by the parties, this court finds that pursuant to the terms of "choice of  law" clause of the security agreement, Defendants were obliged to present the continuation statement pursuant to North Carolina Law. Accordingly, Plaintiff's motion for summary judgment, Dkt. No. 21 and BPPR's motion for summary judgment, Dkt. No. 19 are hereby GRANTED. NAACO's motion for summary judgment, Dkt. No. 18 is DENIED.

**THEREFORE**, this Court determines that Defendant's claimed security interest under the 2003 Financing Statement, the 2002 Floor Plan Agreement, and the 2002 Security Agreement is now

4

expired, ineffective, unperfected and shall be considered a general unsecured claim. Accordingly, BPPR has a senior secured priority interest over Debtor's entire inventory of equipment and parts.

SO ORDERED.

San Juan, Puerto Rico, this 10 day of December, 2010.

Brian K. Tester
U.S. Bankruptcy Judge

5